GYLE v. JOLINE et al.

(Supreme Court, Appellate Term. January 21, 1910.)

CARRIERS (§ 239*)—PASSENGERS—STREET RAILROADS.

> Where a person with a transfer boarded a lighted car carrying other passengers, and agreed to pay his fare to the conductor, who was also informed of his transfer, he became a passenger; the fact that the car was carrying other passengers being a sufficient invitation.

> [Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 974, 975; Dec. Dig. § 239.*]

> Lehman, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Noah E. Gyle against Adrian H. Joline and another, as receivers of the Metropolitan Street Railway Company. Judgment for defendants, and plaintiff appeals. Reversed, and new trial ordered.

Argued before GIEGERICH, DAYTON, and LEHMAN, JJ.

Kilroe & Swarts, for appellant.

Masten & Nichols (Anthony J. Ernest, of counsel), for respondents.

DAYTON, J. Plaintiff made an uncontradicted prima facie case. He had a transfer, and boarded the lighted car carrying other passengers. The conductor was informed of plaintiff's transfer. In addition, plaintiff agreed to pay his fare. The fact that the car was carrying other passengers was a sufficient invitation. The fact that this car was drawing a "dead car" is immaterial—a circumstance of not infrequent occurrence. The brutal actions of the conductor may not be regarded as an inference that plaintiff was not "invited" to become

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

a passenger. To so regard them would establish a precedent quite inimical to the rights of patrons of defendant company. To remit plaintiff to an action for assault on the undisputed facts would be unjust.

The verdict is so clearly against the weight of evidence that it should be reversed, and a new trial ordered, with costs to appellant to abide 'he event.

GIEGERICH, J., concurs in result. LEHMAN, J., dissents.